IDALIA GODREAU DE RIVERA, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11001. Argued June 22, 1953.—Decided July 30, 1953.

*Leopoldo Tormes García* for appellant. *José Trías Monge, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for appellee.

PER CURIAM: On September 2, 1952 the Superior Court rendered judgment for defendant in an income-tax suit involving the years 1946, 1947 and 1948, filed by plaintiff against the Secretary of the Treasury. On September 26 of the same year the Secretary of the Treasury filed the computations of the tax which were approved by the court on March 10, 1953. The parties were notified of the latter action of the court on March 11, 1953.

On April 9, 1953 the plaintiff filed a notice of appeal in the Superior Court. She also filed a motion in which she alleged that in order to prosecute her appeal she was required

to pay the sum of $2,234.78; that when she filed this suit she had furnished a bond in favor of defendant, consisting of a Manager's check of the Banco de Ponce for the sum of $2,211; and that in order to complete the amount for deficiencies plus the interest in question she was attaching to the motion a money order for $23.78 in favor of the Secretary of the Treasury.

On April 9, 1953 the Superior Court ordered that the money order be returned to the plaintiff, with instructions that the payment of all taxes should be made to the Secretary of the Treasury and not to the Court. This order was sent to the parties on the same day. On April 13, 1953, the Secretary of Treasury received a letter from plaintiff's attorney enclosing a money order for $23.78 and requesting that the difference of $2,211 be satisfied from the bond furnished.

█ Pursuant to § 76 of the Income Tax Act, as amended by Act No. 230 of May 10, 1949 (Sess. Laws, p. 706), we have no power to take cognizance of an appeal filed by a taxpayer from a judgment of the Superior Court in an income-tax case involving a deficiency, unless the taxpayer files his notice of appeal and pays the entire deficiency fixed by the Court within the 30-day period provided by law for such appeals.

█ The Secretary of the Treasury seeks the dismissal of this appeal on two grounds. The first is that the taxpayer paid $2,234.78 when she should have paid $2,244.12. However, we need not consider this ground, particularly as it would not lead to the dismissal of the appeal for all the three years in question.

The second ground is that the tax was not paid within thirty days as required by law. We agree. The attempt to pay through the Superior Court had no legal effect. And the payment to the Secretary of the Treasury, which was received on April 13, 1953, was too late.

The motion of the Secretary of the Treasury to dismiss the appeal will be granted.